FILED
17 DEC 21 AM 11: 26
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KEVIN SMITH, | CASE NO. 4:17 CV 1529 |
| Petitioner, | JUDGE DAN AARON POLSTER |
| vs. | |
| STEVEN MERLAK, | MEMORANDUM OF OPINION AND ORDER |
| Respondent. | |

*Pro se* Petitioner Kevin Smith, an inmate in the Federal Correctional Institution in Elkton, Ohio filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. He was convicted on May 27, 2004 in the United States District Court for the Western District of Michigan on Count One for of use of interstate commerce facilities in the commission of murder-for-hire, in violation of 18 U.S.C. § 1958; Count Two for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); Count Three for possession of a firearm with the manufacturer's serial number removed, in violation of 18 U.S.C. § 922 (k); and Count Four for possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924 (c)(1)(A). He was sentenced to 120 months in prison on counts one and two to run concurrent to each other, and 60 months on counts three and four to run consecutive to each other and to the sentence imposed for counts one and two, for a total aggregate sentence of 240 months in prison. Petitioner appealed his conviction and filed a Motion to Vacate under 28

U.S.C. § 2255. His conviction was upheld each time.

Petitioner has now filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 claiming he is actually innocent of the charge in Count Four, possession of a firearm in furtherance of a crime of violence. He contends he is authorized to challenge his conviction on this Count by *Mathis v. United States*, 136 S. Ct. 2243, 2246-47 (2016). He indicates that his conviction under 18 U.S.C. § 924 (c)(1)(A), requires the other three counts under which he was convicted to qualify as a crime of violence under 18 U.S.C. § 924 (c). He contends count one, use of interstate commerce facilities in the commission of murder-for-hire, in violation of 18 U.S.C. § 1958 does not qualify as a crime of violence because it does not require physical force as an element of the crime. He contends *Mathis* instructs that the Court may not examine whether physical force was actually used so he is actually innocent of count four. He asks this Court to grant the writ, order him to be resentenced on the first three counts, and then release him as he has served all of the time on his other sentences.

## I. STANDARD OF REVIEW

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any

time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" Petitions lacking merit on their face under Section 2243).

## II. ANALYSIS

Petitioner is not entitled to relief under 28 U.S.C. §2241. As a general matter, 28 U.S.C. §§ 2255 and 2241 provide the statutory scheme for federal prisoners to obtain habeas relief. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Section 2255 is the avenue for relief for federal prisoners to challenge their conviction or sentence, while §2241 "is appropriate for claims challenging the execution or manner in which the sentence is served." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Therefore, federal prisoners "that seek to challenge their convictions or imposition of their sentence" must assert such claim in the sentencing court under § 2255. *See Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Petitioner cannot raise claims in a § 2241 Petition when his attempts to obtain relief under § 2255 for those claims are unsuccessful.

Section 2255 does contain a narrow exception to this rule which permits a federal prisoner, in rare circumstances, to challenge his conviction or the imposition of his sentence under 28 U.S.C. § 2241. A federal prisoner can only use § 2241 to challenge his conviction or sentence if there is an intervening change in the law after his conviction that establishes his actual innocence and it appears that the remedy afforded under § 2255 is "inadequate or

ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 223 (1952); *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997). Actual innocence in this context means that the intervening change in the law renders the conduct of which Petitioner was convicted no longer a crime. *See Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003); *Peterman*, 249 F.3d at 462; *Bousley v. United States*, 523 U.S. 614, 623 (1998)). In addition, Petitioner must demonstrate that he cannot obtain relief based on this new decision from the sentencing court. *Bousely*, 523 U.S. at 620 (citing *Davis v. United States*, 417 U.S. 333, 346 (1974)).

Petitioner attempts to utilize this narrow exception to obtain relief under § 2241, by claiming the Supreme Court's decision in *Mathis* rendered him actually innocent of one of the crimes for which he was convicted. *Mathis*, however resolved the question of whether a state crime could qualify as a predicate offense under the Armed Career Criminal Act ("ACCA") to enhance a criminal sentence if its elements are broader than those of a listed generic offense. Petitioner is not challenging a sentence enhancement under the ACCA or any other statutory or guideline provision. Rather, he is challenging one of the crimes for which he was indicted, and convicted. *Mathis* is inapplicable to this case. Petitioner cannot obtain relief from his conviction in a §2241 Petition.

### IV. CONCLUSION

Accordingly, this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

_____
**DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE**